```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
JAMIN MITCHELL,                 :
                                :
         Petitioner,            :    NO. 1:09-CV-632
                                :
    v.                          :
                                :    OPINION AND ORDER
TIM BRUNSMAN, WARDEN,           :
         Respondent.            :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 13), to which Petitioner filed objections (doc. 15). For the following reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 13).

**I.  The Magistrate Judge's Report, Petitioner's Objections & the Court's Analysis**

In brief, Petitioner seeks habeas relief regarding his state conviction on five counts of aggravated robbery and one count of aggravated burglary, for which he was sentenced to consecutive ten-year terms of imprisonment on each of the six counts for a total of sixty years of imprisonment (doc. 13). He submits three grounds for relief: ineffective assistance of counsel; a violation of the ex post facto clause of the Constitution; and a violation of the due process clause and the Sixth Amendment to the Constitution (Id.). The Magistrate Judge recommends that the petition be denied as to all grounds on the merits.

### A. Ground One: Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was deficient because he failed to confer with him, to explore possible defenses, to discuss his options, and to advise him of the potential consequences of his options prior to Petitioner pleading guilty (doc. 15). In addition, Petitioner contends that his counsel's failure to advise him of the impact the Foster decision would have on his sentencing constitutes ineffective assistance of counsel (Id., citing State v. Foster, 845 N.E.2d 470 (Ohio 2006)).

With respect to the alleged failure to confer, to explore defenses and to discuss options and the possible outcomes of those options, the Magistrate Judge noted that the Court's inquiry in this case is limited to whether the plea was knowing, intelligent and voluntary, as the guilty plea waives any constitutional claims that might have arisen prior to the plea (doc. 13, citing United States v. Broce, 488 U.S. 563, 569 (1989)). Therefore, the Magistrate Judge concluded that, to the extent Petitioner claims that his counsel was ineffective in his pre-trial investigation, Petitioner is not entitled to relief. To the extent Petitioner claims that his counsel was ineffective because he failed to confer with Petitioner or explore possible defenses, the Magistrate Judge found that Petitioner failed to make a showing that such failure prevented his plea from being knowing and voluntary because he did not show that but for his counsel's failures he would have insisted on going to

2

trial and would not have pleaded guilty (Id., citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Finally, with respect to Petitioner's claim that his trial counsel should have anticipated the upcoming change in state law wrought by Foster or that he should have informed Petitioner of the outcome of Foster prior to Petitioner's sentencing, the Magistrate Judge concluded that any mistakes made by Petitioner's counsel were rectified by the trial court at the plea and sentencing hearings (doc. 13).

Petitioner objects to the Magistrate Judge's recommendation on this ground on, essentially, two bases: first, he asserts that his plea could not have been knowing, intelligent and voluntary because his counsel never discussed with him his other options; and second, he asserts, via affidavit, that had he been advised of the change in Ohio's sentencing scheme effected by Foster, he would have withdrawn his guilty plea (doc. 15).  The Court finds these objections unpersuasive.

First, with respect to the claim that Petitioner's decision to plead guilty was not a knowing, intelligent and voluntary one because his counsel failed to confer with him, failed to explore possible defenses, to discuss his options, and to advise him of the potential consequences of his options prior to Petitioner pleading guilty, the Court finds that Petitioner has failed to meet the dual requirements of Strickland v. Washington.  In the context

3

of a challenge to a guilty plea on the basis of ineffective assistance of counsel, Strickland and its progeny require that Petitioner show both that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), citing Strickland v. Washington, 466 U.S. 668 (1984).

      Here, even if Petitioner's counsel's pre-plea performance was deficient because he failed to conduct pretrial investigation; he met with Petitioner, who was facing serious charges, for less than an hour; and he failed to discuss with Petitioner the consequences of his options, Petitioner's claim still fails because he has not met the second prong of the Strickland test: he has not shown that but for his counsel's failures he would have gone to trial and not pleaded guilty. As the Magistrate Judge noted, Petitioner has not identified possible factual or legal defenses he had that counsel failed to discover or investigate, or any witnesses counsel should have interviewed, or any exculpatory evidence counsel should have discovered, or otherwise shown that the discovery of any of those things would have altered his decision to plead guilty or, importantly, that any of this illusory evidence or defenses would have been successful at trial. See Hill, 474 U.S. at 59. Instead, Petitioner relies solely on his assertion that his plea "could not

4

have been" knowing, voluntary and intelligent because of his counsel's failures. To show ineffective assistance of counsel, this is simply insufficient. The cases Petitioner cites to do not change this analysis as, at best, they merely support a finding that the first Strickland prong could be met here–that Petitioner's counsel's performance fell below a reasonable standard of care. But that is only half of the Strickland equation, and Petitioner has offered nothing to show the second half.

Second, with respect to Petitioner's second objection, that he was prejudiced by his counsel's failure to inform him of the impact of Foster on his potential sentence, the Court again finds that Petitioner has failed to meet both Strickland prongs. Specifically, assuming that counsel's performance fell below a reasonable standard of care when he failed to warn or inform Petitioner of Foster's potential impact on his sentence, Petitioner has not shown that he was prejudiced by that failure. Even though Petitioner has submitted by affidavit that he would have sought to withdraw his guilty plea had he been informed of the potential impact of Foster on his sentence, such a statement is insufficient to defeat the case law cited by the Magistrate Judge holding that a trial judge's colloquy cures counsel deficiencies such as those alleged here. See Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999); Boyd v. Yukins, 99 Fed. Appx. 699, 703 (6th Cir. 2004); Mix v. Robinson, 64 Fed. Appx. 952, 957-58 (6th Cir. 2003).

5

For a plea to be intelligent and knowing, the trial court must ensure that the defendant is "aware of the direct consequences of the plea" and "the defendant must be aware of the maximum sentence that could be imposed." King v. Dutton, 17 F.3d 151, 153-54 (6th Cir. 1994); cf. Hart v. Marion Corr. Inst., 927 F.2d 256, 259 (6th Cir. 1991)(holding that a plea was not knowing or intelligent when a trial court incorrectly informed defendant that the maximum sentence was fifteen years when in fact it was seventy-five years). The trial judge here properly informed Petitioner at his plea hearing that the charges to which he was pleading guilty each carried three to ten years and that he "face[d] a total of about 60 years in prison" (doc. 13). Petitioner confirmed his understanding of this. This obviates any claim that his plea was not knowing, intelligent and voluntary. See, e.g., Boyd, 99 Fed. Appx. at 703 (despite petitioner's belief-based on her attorney's error-that she would not receive a sentence of more than fifteen years, trial judge's plea colloquy informing her of potential maximum sentence rendered her plea knowing and intelligent).

Petitioner now would like this Court to find that he was lying when he confirmed his understanding of what the trial judge said, or that he was completely discounting what the trial judge said and relying instead on what his attorney had allegedly told him, or that he was, perhaps, simply too inexperienced or young to

6

comprehend what he was being told. Petitioner's counsel submits in a footnote that it would be unrealistic to expect an 18-year-old to do anything other than say yes when he was told by his attorney to agree with whatever the judge says, implying somehow that his age should take his case out of the realm of cases holding that proper colloquies cure counsel deficiencies. He makes this implication without any legal support and solely on the basis of a patronizing characterization of what he believes would have been required of Petitioner had he answered anything other than "yes." The Court is entirely unmoved by this position and, in any event, even if the Court were to find that Petitioner was lying to the judge when he expressed that he understood that he was facing "about 60 years" or that he didn't believe the judge or that he simply lacked the courage to say, "I was told by my attorney that I would only receive three years", such a finding would not change the outcome here. Petitioner made the choice to not express his understanding that his sentence would be only three years, despite being clearly told by the judge that he was facing sixty years. He cannot now undo that choice via a habeas petition. See Boyd, 99 Fed. Appx. at 703 ("It is indeed unfortunate if Boyd truly believed she would only have received a maximum of fifteen years in prison by pleading guilty, but without more, Boyd's subjective and unverifiable impressions of the sentence she should have received [submitted via affidavit a month after her sentencing] cannot overcome her on-the-record

statements to the court").

For the foregoing reasons, the Court finds that Ground One of Petitioner's petition is without merit.

### B. Grounds Two and Three: Ex Post Facto, Due Process and the Sixth Amendment

Regarding Grounds Two and Three, the Magistrate Judge found them foreclosed by the multitude of federal and state cases holding that a sentencing that occurred post-Foster for conduct that occurred pre-Foster does not violate the ex post facto clause, the due process clause, or the Sixth Amendment (doc. 13, citing, inter alia, State v. Foster, 845 N.E.2d 470 (Ohio 2006); Wright v. Lazaroff, 643 F.Supp.2d 971, 1003-05 (S.D. Ohio 2009); State v. Elmore, 912 N.E.2d 582, 584 (Ohio 2009)).  Petitioner acknowledges that the case law does not support his position but nonetheless contends that his constitutional rights were violated by the sentence imposed and wishes to preserve the claims for appeal (doc. 15).

Recognizing the vast number of cases that have held that Foster did not violate the ex post facto or due process clauses of the Constitution, nor does it violate the Sixth Amendment, the Court finds Petitioner's Grounds Two and Three to be without merit.

## II. Conclusion

Having conducted a de novo review of this matter, the Court finds the Magistrate Judge's Report and Recommendation

8

thorough, well-reasoned and correct and concurs with the Magistrate Judge's determinations.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 13).  Therefore, Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is DENIED WITH PREJUDICE.  Further, the Court FINDS that a certificate of appealability should not issue with respect to any of the grounds for relief, because Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Slack v. Daniel, 529 U.S. 473 (2000).

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to appeal in forma pauperis.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: April 11, 2011          /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge